# EXHIBIT A

Filing # 60168403 E-Filed 08/09/2017 01:12:06 PM

IN THE CIRCUIT COURT, EIGHTH JUDICIAL CIRCUIT,
IN AND FOR ALACHUA COUNTY FLORIDA

DOCK GORDON,

   Plaintiff,

v.

MIDLAND FUNDING, LLC,
A Foreign Company,
MIDLAND CREDIT MANAGEMENT, INC.,
A Foreign Corporation, and
JOSEPH F. ROSEN,

   Defendants.

_____/

Case No. 01 2017 CA 002482
Division K

## SUMMONS

THE STATE OF FLORIDA:

To Each Sheriff of the State:

  YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on defendant:

Midland Credit Management, Inc. **A FOREIGN CORPORATION**
c/o Corporation Service Company, Registered Agent
1201 Hays Street
Tallahassee FL 32301-2525

  Each defendant is required to serve written defenses to the complaint or petition on Plaintiff's attorney, Peter Focks, FBN 67364, whose address is 2630-A NW 41st Street, Gainesville, Florida 32606, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint of petition.

SERVED THIS _____ DAY OF _____
20____ AT _____ A.M. _____ P.M.
WALT McNEIL, SHERIFF OF LEON COUNTY FL
BY _____ DS

SEAL
A TRUE COPY

SHERIFF, LEON COUNTY, FLORIDA

DATED on _____ **AUG. 09** _____ 2017.

(seal)



J. K. "Jess" Irby
As Clerk of the Court

By: _Sherry Shelton_
As Deputy Clerk

J.K. "JESS" IRBY
CLERK OF THE CIRCUIT COURT
CIVIL DIVISION
201 E UNIVERSITY AVE
GAINESVILLE, FL 32601

Filing # 59047512 E-Filed 07/14/2017 03:29:10 PM

IN THE CIRCUIT COURT, EIGHTH JUDICIAL CIRCUIT,
IN AND FOR ALACHUA COUNTY FLORIDA

DOCK GORDON,                                    Case No.
                                                Division
        Plaintiff,

v.

MIDLAND FUNDING, LLC,
A Foreign Company,
MIDLAND CREDIT MANAGEMENT, INC.,
A Foreign Corporation, and
JOSEPH F. ROSEN,

        Defendants.

_____/

## COMPLAINT

Plaintiff Dock Gordon, by and through his undersigned attorneys, sues Defendants Midland Funding, LLC (hereinafter, "Midland Funding"), Midland Credit Management, Inc. (hereinafter, "Midland Credit"), and Joseph F. Rosen (hereinafter, "Rosen), and alleges:

## GENERAL ALLEGATIONS

1.      This is a cause of action seeking actual and statutory damages the amount claimed exceeds $15,000 exclusive of attorney fees and court costs.

2.      All communications alleged herein were received by the Plaintiff or the Plaintiff's friends in Alachua County, Florida and all alleged statutory violations occurred in Alachua County Florida.

3.      At all times material to this action, Midland Funding was and is a foreign company registered to do business in the State of Florida and licensed to engage in consumer debt collection in the State of Florida.

4.     At all times material to this action, Midland Credit was a foreign corporation licensed to engage in consumer debt collection in the State of Florida.

5.     At all times material to this action, Rosen was an attorney licensed to practice law in the State of Florida and engaged in consumer debt collection in Alachua County, Florida.

### COUNT ONE
(Extrinsic Fraud upon the Court - Midland Funding and Rosen; Capital One Bank)

6.     Plaintiff re-alleges and re-avers all of the matters and things contained in paragraphs (1) through (5) and makes them a part of this Count.

7.     At some time unknown to the Plaintiff, someone unknown to the Plaintiff used Plaintiff's name and other identifying information for the purpose of obtaining a credit card with Capital One Bank (acct.# 4862367128604214).

8.     As of calendar year 2009, that unknown person used the above Capital One Bank credit card to purchase goods and services totaling approximately $5,000.00.

9.     During calendar year 2009, the Plaintiff was contacted by Capital One Bank and informed about the existence of the above credit card and the approximately $5,000.00 balance. The Plaintiff advised Capital One Bank that he and it were the victims of identity theft, that he did not owe this debt and that he lived at 320 NW 10th Ave., Gainesville, Florida.

10.    At some time in late 2010, Midland Funding purchased the above described consumer credit account from Capital One Bank.

11.    At various times during 2010, Midland Funding contacted the Plaintiff through written communications and by phone seeking to collect this Capital One Bank debt. On several occasions during 2010 the Plaintiff advised Midland Funding that he did not owe the debt claimed, that he and now Midland Funding were the victims of identity theft and that he lived at 320 NW 10th Ave., Gainesville Florida.

12.     On or about December 22, 2010, Midland Funding filed suit against Plaintiff in Alachua County, Florida for the purpose of trying to collect the Capital One Bank debt from the Plaintiff. (Alachua County Court Case No. 01-2010-CC-005566).  Rose was the attorney for Midland Funding in the prosecution of this suit.

13.     In the prosecution of this suit, Rosen first attempted service of process upon Plaintiff's friend and former business partner, Sandra Yates. Rosen then sought service of process upon the Plaintiff's friend, Mamie Washington. He filed a return of service claiming to have properly served the Plaintiff by serving Mamie Washington at her residence claiming that it was Plaintiff's place of abode despite being aware that the Plaintiff's place of abode was 320 NW 10th Ave., Gainesville, Florida.

14.     Rosen filed a "Verified Return of Service" on September 21, 2012 falsely claiming to have served the Plaintiff by serving Mamie Washington at her residence and that such residence (506 NW 3rd Ave., Gainesville, Florida) was the Plaintiff's place of abode.

15.     Thereafter, Midland Funding, through its attorney, Rosen, obtained a default against the Plaintiff and on or about January 16, 2013 Rosen filed a false affidavit with the Court claiming, without any supporting documentation that Plaintiff owed Midland Funding the sum of $5,023.72 and requesting the entry of a Default Final Judgment against Plaintiff. A copy of this Affidavit is attached hereto as Exhibit A.

16.     By falsely claiming to have obtained service of process upon the Plaintiff and by falsely swearing that the above described debt was due from the Plaintiff, Midland Funding through its attorney Rosen, obtained a Default Final Judgment against the Plaintiff on January 24, 2013 without giving the Plaintiff notice of or opportunity to defend or dispute the claim.

17. In December 2015, the Plaintiff discovered the existence of the above referenced Default Final Judgment by way of a credit check while attempting to obtain financing.

18. As a direct and proximate result of the above described extrinsic fraud upon the Court by Midland Funding and Rosen, the Plaintiff was required to retain the undersigned attorney to set aside the Default Final Judgment, and assist the Plaintiff in correcting his damaged credit rating; Plaintiff had a Default Final Judgment on his credit history from January 24, 2013 through September 29, 2016; the Plaintiff's credit rating was damaged and he was denied credit. He has incurred attorney fees and court costs to set aside the Default Final Judgment and repair his credit rating and he will incur similar loses in the future. See Exhibit B attached hereto.

WHEREFORE, Plaintiff demands judgment against the Defendants Midland Funding and Joseph F. Rosen for damages plus Court costs and demands trial by jury of all issues.

## COUNT TWO
(F.S. 559.72 as to Rosen and Capital One Bank)

19. Plaintiff re-alleges and re-avers all of the matters and things contained in paragraphs (1) through (5) and Count One of this Count.

20. At all times material to this cause of action, Rosen was engaged in the collection of a consumer debt from the Plaintiff.

21. In collecting a consumer debt, Rosen violated F.S. 559.72 (7), (9), and (18) by communicating directly with the Plaintiff on or about January 19, 2017. Copies of these communications are attached hereto as Exhibit C. More specifically:

a. By willfully engaging in conduct which can reasonably be expected to abuse or harass the Plaintiff.

b.   By threatening to enforce a debt when Rosen knew that the debt was not legitimate or by asserting the existence of some legal right when Rosen knew that the right does not exist.

c.   By communicating with Plaintiff when Rosen knew that he was represented by an attorney with respect to the alleged debt claimed and the Defendant had knowledge of that representation. See Exhibit D attached hereto.

22.   As a direct and proximate cause of the above described violation of F.S. 559.72(7), (9), and (18) the Plaintiff suffered mental pain and distress and will suffer similar pain and distress in the future. Plaintiff has been required to retain the undersigned attorney to bring this action.

23.   In addition to his actual damages the Plaintiff is entitled to statutory damages of $1,000.00 plus attorney fees and court costs pursuant to F.S. 559.77.

WHEREFORE, Plaintiff demands judgment against Joseph F. Rosen for actual and statutory damages in excess of $15,000.00 and demands trial by jury of all issues.

## COUNT THREE
(F.S. 559.72 as to Midland Funding and Capital One Bank)

24.   Plaintiff re-alleges and re-avers all of the matters and things contained in paragraphs (1) through (5) and Count Two and by reference makes them a part of this Count.

25.   The referenced communication from Rosen (see Exhibit B) to the Plaintiff was taken at the request of and on the behalf of Midland Funding in an effort to collect a consumer debt from the Plaintiff.

26.   On several occasions during the last two years prior to filing this action Midland Funding disclosed the existence of this Capital One Bank debt to the three credit reporting services, Equifax, Trans Union, and Experian without disclosing that the debt was disputed and knowing that the information was false.

27.     As a direct and proximate result of the above described communications, Plaintiff has suffered emotional distress and his ability to obtain credit has been diminished. He will suffer similar loses in the future. He has been required to retain the undersigned attorney.

28.     Midland Funding is liable to the Plaintiff for actual and statutory damages of $1,000 pursuant to F.S. 559.77 together with attorney fees and court costs

WHEREFORE, Plaintiff demands judgment against Midland Funding LLC for actual and statutory damaged and demands trial by jury of all issues.

### COUNT FOUR
(15 USC Section 1692 as to Midland Funding and Capital One Bank)

29.     The Plaintiff re-alleges and re-avers all of the matters and things contained in paragraphs (1) through (5) and (7) through (11) and makes them a part of this Count.

30.     At all times material to this action, Midland Funding was aware that Plaintiff was represented by the undersigned attorney and that Plaintiff disputed the Capital One Bank debt. See Exhibit D attached hereto.

31.     In attempting to collect the Capital One Bank debt, Midland Funding made the following false representations directly to the Plaintiff:

a.     That the alleged debt had been reduced to a judgment under Florida law.

b.     That the Defendant had the immediate right to garnish Plaintiff's wages, bank accounts, savings accounts or other financial accounts in the Plaintiff's name.

c.     That Midland Funding had the right to take post-judgment actions against the Plaintiff.

32.     During the one-year period immediately preceding the filing of this action, Midland Funding communicated with one or more of the credit reporting services, Equifax, Trans Union, or Experian disclosing the above described debt without advising that the debt was disputed.

33.     After Midland Funding knew the Plaintiff was represented by an attorney and was aware of his attorney's name and address, Midland Funding communicated directly with the Plaintiff. See Exhibit C attached hereto.

34.     The above-described acts are a not in compliance with 15 USC Section 1692.

35.     As a direct and proximate result of Midland Funding's failure to comply with 15 USC Section 1692, Plaintiff has sustained actual damages consisting of emotional distress and damage to his ability to obtain credit. He will suffer similar loses in the future. He has been required to retain the undersigned counsel.

36.     In addition to his actual damages Plaintiff is entitled to statutory damages of $1,000 pursuant to 15 USC Section 1692k and the costs of this action and reasonable attorney fees.

WHEREFORE, Plaintiff Dock Gordon demands judgment against Midland Funding LLC for actual and statutory damages, plus attorney fees and court cost and demands trial by jury.

### COUNT FIVE
(15 USC SECTION 1692 as to Rosen and Capital One Bank)

37.     Plaintiff re-alleges and re-avers all of the matters and things contained in Count Four and makes them a part of this Count.

38.     At all times material to this action, Rosen, was engaged in the collection of a consumer debt on behalf of Midland Funding.

39.     The communications contained in Exhibit B were made by Rosen in violation of 15 USC Section 1692.

40.     As a direct and proximate result of the violations of 15 USC Section 1692 by Rosen, Plaintiff has sustained actual damages as described in paragraph (33) above.

41.     In addition to actual damages the Plaintiff is entitled to statutory damages of $1,000 pursuant to 15 USC Section 1692(k) and the costs of this action and reasonable attorney fees.

WHEREFORE, Plaintiff demands judgment against Joseph F. Rosen for actual and statutory damages in excess of $15,000.00 and for attorney fees and court costs and demands trial by jury.

## COUNT SIX
(F.S. 559.72 as to Midland Funding, Midland Credit, and CitiFinancial Inc.)

42.     The Plaintiff re-alleges and re-avers all of the matters and things in paragraphs (1) through (5) and makes them a part of this count.

43.     At some time unknown to Plaintiff, someone unknown to Plaintiff used the Plaintiff's name and other identifying information to open a credit card account with CitiFinancial Inc.

44.     As of March 31, 2010, this unknown person or persons had incurred $4,366.17 in charges on this account.

45.     On or about December 21, 2010, Midland Funding purchased the above referenced credit card account debt from CitiFinancial Inc.

46.     On several occasions during the 2011, Midland Funding communicated with the Plaintiff attempting to collect this consumer debt. On each of these occasions the Plaintiff disputed this debt and demanded proof of this debt.

47.     On or about July 22, 2011, Midland Funding filed a lawsuit in Alachua County Florida seeking a money judgment against the Plaintiff based upon this debt.

48.     On November 30, 2012 at a mediation conducted by the Court in the above-described lawsuit the Plaintiff again denied responsibility for this debt and demanded proof of that the debt was incurred by the Plaintiff.

49.     On December 21, 2012, Midland Funding dismissed its claim against the Plaintiff.

50.     During the two years immediately preceding the filing of this action, Midland Funding as agent Midland Credit, have committed the following violations of F.S. Section 559.72, to wit:

    a.     Threatening to disclose to another either orally or in writing, directly or indirectly information affecting the Plaintiff's reputation for credit worthiness without informing the Plaintiff that they will also disclose that the debt is disputed by the Plaintiff. See Exhibits E and F attached hereto.

    b.     Disclosing information concerning the existence of this debt, known to be reasonably disputed by Plaintiff without also disclosing that Plaintiff disputed the debt, to one or more of the three credit reporting services listed above.

    c.     By claiming, attempting, or threatening to enforce this debt when Midland Funding and Midland Credit knew that the debt was not legitimate or by asserting the existence of some other legal right when they knew that the right did not exist. See Exhibits E and F attached hereto.

    d.     Disclosing to persons other than Plaintiff, to wit: Mamie Washington and Sandra Yates, the existence of this debt and other information concerning the Plaintiff's reputation while knowing that these individuals did not have a legitimate business need for that information and that the information was false.

    e.     Communicating with the Plaintiff both in writing and by telephone when the Defendants knew that the Plaintiff was represented by an attorney and the attorney's address and phone number were readily available.

51.     As a direct and proximate result of above described violations of F.S. 559.72, the Plaintiff has suffered emotional distress and his reputation for credit worthiness has been diminished. He will suffer similar loses in the future. He has been required to retain the undersigned attorney.

52.     Midland Funding and Midland Credit should have additional statutory damages assessed against each of them in the amount of $1,000.

WHEREFORE, Plaintiff demands judgment against Midland Funding LLC and Midland Credit Management Inc. for actual and statutory damages in excess of $15, 000.00 and demands trial by jury.

### COUNT SEVEN
(15 USC 1692 as to Midland Funding, Midland Credit, CitiFinancial)

53.     Plaintiff re-alleges and re-avers all of the matters and things contained in paragraphs (1) through (5) and (43) through (47) and makes them a part of this count.

54.     During the one-year prior to filing this action, Midland Funding and its agent Midland Credit, failed to comply with 15 USC 1692 in their efforts to collect the CitiFinancial credit card debt, by the following:

      a.     By communicating on more than one occasion with Mamie Washington and Sandra Yates in an effort to obtain location information about the Plaintiff.

      b.     By failing to communicate only with Plaintiff's attorney after knowing that the Plaintiff was represented by an attorney and the attorney's name and address were readily available.

      c.     By communicating or threatening to communicate to one or more of the three credit reporting services listed above credit information which the Defendants knew or

should have known to be false and failing to communicate to one or more of those same credit reporting companies that the debt was disputed.

55.      As a direct and proximate result of the Defendants failure to comply with 15 USC 1692 the Plaintiff has sustained emotional distress and his credit reputation has been damaged. He will suffer similar loses in the future. He has been required to retain the undersigned attorney.

56.      In addition to actual damages, Midland Funding and Midland Credit should each have assessed against them statutory damages of $1,000 and attorney fees and court costs pursuant to 15 USC 1692(k).

WHEREFORE, Plaintiff demands judgment against Midland Funding LLC and Midland Credit Management Inc. for actual and statutory damages and demands trial by jury.

McCarty, Naim, Focks & Keeter, P.A.


/s/ Peter Focks
Peter Focks, Florida Bar No. 67364
James H. McCarty, Jr., Florida Bar No. 316652
Julie Naim, Florida Bar No. 0098709
2630-A NW 41st Street
Gainesville, FL 32606
Tel. (352) 240-1226
Primary e-mail:       Peter@lawgators.com
Secondary e-mail:     Julie@lawgators.com
                      Mac@lawgators.com
Attorneys for Plaintiff Dock Gordon

MIDLAND FUNDING, LLC.,

        Plaintiff,

vs.

DOCK GORDON,

        Defendant.

_____/

IN THE COUNTY COURT IN AND
FOR ALACHUA COUNTY, FLORIDA

CIVIL DIVISION

CASE NO:  01 2010 CC 005566
FLA BAR NO.: 308781

**AFFIDAVIT OF INTEREST**

STATE OF FLORIDA )

COUNTY OF DADE )

        BEFORE ME, the undersigned authority, appeared Joseph F. Rosen , who is personally known

to me or who produced a valid drivers license as identification and who being by me duly cautioned and

sworn, upon his oath, deposes and states that the defendant is obligated for principal balance of $5,023.72

together with $689.73 interest from FEBRUARY 10, 2010 to JANUARY 15, 2013 at the rate of 4.75% per

annum, for a total of 1055 days at $0.65 per diem on the principal amount.

        FURTHER AFFIANT SAYETH NAUGHT.

Joseph F. Rosen , Esq.

SWORN TO AND SUBSCRIBED before me this 10 day of ____ , 2013.

NOTARY PUBLIC, STATE OF
FLORIDA AT LARGE

File Number:1854895

My Commission Expires:

JACQUELINE GARCIA
MY COMMISSION # EE 139733
EXPIRES: March 18, 2016
Bonded Thru Budget Notary Services

EXHIBIT A. PAGE 1 OF 1

IN THE COUNTY COURT OF THE EIGTH JUDICIAL CIRCUIT
IN AND FOR ALACHUA COUNTY, FLORIDA

MIDLAND FUNDING, LLC,                              Civil Division
                    Plaintiff,   RECORDED IN OFFICIAL RECORDS Case #: 01: 2010-CC-005566

v.                               INSTRUMENT # 3019231      2    PG(S)
                                        9/30/2016 1:52 PM
DOCK GORDON,                      BOOK  4464      PAGE  1978
                                           J. K. IRBY
                    Defendant.    Clerk of the Court, Alachua County, Florida
                                 ERECORDED              Receipt #  735917
                                    Doc Stamp-Mort:  $0.00
                                    Doc Stamp-Deed:  $0.00
                                    Intang. Tax:  $0.00

RECORDED IN OFFICIAL RECORDS
INSTRUMENT # 3019231      2    PG(S)
9/30/2016 1:52 PM
BOOK  4464      PAGE  1978
J. K. IRBY
Clerk of the Court, Alachua County, Florida
ERECORDED              Receipt #  735917
Doc Stamp-Mort:  $0.00
Doc Stamp-Deed:  $0.00
Intang. Tax:  $0.00

### ORDER SETTING ASIDE FINAL JUDGMENT
### FOR LACK OF PERSONAL JURISDICTION OVER
### DEFENDANT

This cause having come before this Court upon the Defendant's Motion to Set

Aside Final Judgment for Lack of Service of Process and the Court having conducted an

evidentiary hearing pursuant to due notice to the Plaintiff and having considered the

testimony submitted and being, otherwise fully advised in the premises.

It is hereby ORDERED AND ADJUDGED that the Court lacks jurisdiction over

the person of the Defendant, Dock Gordon Sr. as he was not properly served at his usual

place of abode as required by Florida Statute Section 48.031.

Therefore, the Final Judgment entered against the Defendant, Dock Gordon Sr.

dated January 24, 2013 and recorded in the Public Records of Alachua County at Book

4168, Page 734 is void and set aside.

Pursuant to Florida Rule of Civil Procedure 1.070 the Plaintiff shall have 60 days

from entry of this Order to effect service of process upon the Defendant. Should the

Plaintiff fail to secure service of process as ordered then this case shall be dismissed

without prejudice.



### EXHIBIT B. PAGE 1 OF 2

2

DONE AND ORDERED, this 29th, day of September 2016, in chambers at Gainesville Alachua County Florida.

_____
JUDGE SUSAN MILLER-JONES

### CERTIFICATE OF SERVICE

I hereby certify that a copy hereof was furnished by email to James H. McCarty, Jr., Esq., McCarty, Naim, Focks & Keeter, P.A. 2630-A NW 41st Street, Gainesville, FL 32606, at mac@lawgators.com; Dock Gordon, Sr., 2604 NE 18th Terrace, Gainesville FL 32609, and Mr. Joseph F. Rosen Esq. Pollack & Rosen, P.A. 800 Douglas Rd. North Tower, Suite 450 Coral Gables, FL 33134 this 29 day of September 2016.

_____
Judicial Assistant

EXHIBIT B. PAGE 2 OF 2

Law Offices

# Pollack & Rosen, P.A.

*806 S. Douglas Rd., South Tower Suite 200 • Coral Gables, FL 33134-3157*
*Telephone (305) 448-0006 • Toll Free (888) 448-1557 • Facsimile: (305) 569-0101*

January 19, 2017

DOCK GORDON
2604 NE 18th Ter
Gainesville FL 32609-3263

**ACCOUNT IDENTIFICATION**

Original Creditor: CAPITAL ONE BANK
Current Creditor: MIDLAND FUNDING LLC.
Plaintiff: MIDLAND FUNDING LLC.
Defendant: DOCK GORDON
File No: 1854895
Amount Due: $7408.84

Dear: DOCK GORDON:

A judgment has been entered against you. Under Florida law, we may take the following actions to execute (collect) the amount of the judgment:

1. We can garnish your wages in accordance with federal and state guidelines. This means we may be able to take part of your salary or earnings from employment above a certain amount unless you are the head of a household or are entitled to other exemptions provided by law.

2. We can garnish bank accounts, savings accounts or other financial accounts in your name in accordance with federal and state guidelines. There may be exemptions from garnishment provided by law.

3. We can take your deposition in aid of execution. This means that you would have to appear before a court reporter under oath to provide information about your assets and personal finances.

4. We may use any other post judgment remedies provided by law.

You may avoid the above actions by contacting our office to arrange payment of this outstanding debt or by forwarding full payment to our office showing the account number above. If you are unable to make a single payment, we may be able to arrange a payment plan for you to pay the judgment debt.

If you notify us in writing within thirty (30) days from the receipt of this notice that the debt, or any portion thereof, is disputed, we will obtain verification of the debt or a copy of the judgment against you. A copy of the verification or judgment will be mailed to you by this office.

Upon your written request within thirty (30) days from the receipt of this notice, we will provide you with the name and address of the original creditor, if it is different than the current creditor.

Payments can be made via our website at: www.pollackrosen.com.

Very truly yours,

*Joseph F. Rosen, Esq.*

Joseph F. Rosen, Esq.
Your account representative is: MOSES DUHART

**This communication is from a debt collector.**            513-HWPORO10-JUDST1-1/06/10

*** Please detach the lower portion and return with your payment ***

Y1CDC09D19

806 S Douglas Rd, South Tower Ste 200
Coral Gables FL 33134-3157
ADDRESS SERVICE REQUESTED

Our File No.: 1854895
Balance Due: $7408.84

0008120024001672611532600376304-1YA1-Y1CDC09D19 513
JUDST1 - 513
DOCK GORDON
2604 NE 18th Ter
Gainesville FL 32609-3263



Pollack & Rosen
806 S Douglas Rd
South Tower Ste 200
Coral Gables FL 33134-3157



**EXHIBIT C. PAGE 1 OF 1**



JAMES H. "MAC" McCARTY, JR., JD          JULIE M. NAIM, JD          ELIZABETH KEETER, JD
EMAIL: MAC@LAWGATORS.COM     EMAIL: JULIE@LAWGATORS.COM   EMAIL: BETH@LAWGATORS.COM

PETER C. FOCKS, JD                     DAVID SOWERBY, JD            DENNIS EISINGER, JD
EMAIL: PETER@LAWGATORS.COM              OF COUNSEL                   OF COUNSEL

2630-A NW 41ST STREET, GAINESVILLE, FL 32606
TELEPHONE: 352-240-1226 · FACSIMILE: 352-240-1228 · WWW.LAWGATORS.COM

September 9, 2016

Henri C. Cawthon, Esq.
3324 W. University Ave. #132
Gainesville, Fl. 32607

Re: Dock Gordon/ Midland Funding

Dear Mr. Cawthon:

It is my privilege to represent Mr. Gordon in his efforts to clear his credit. I am in receipt of your Notice of Appearance as Co-Counsel with Mr. Rosen in Case # 2010 CC 5566. I will provide this communication to you only unless you prefer a copy to Mr. Rosen as well.

Sometime in 2007/08 Mr. Gordon was the victim of identity theft. While that was not your client's fault, it has certainly aggravated and exacerbated his credit problems.

Apparently, the identity thief applied for and obtained credit cards using Mr. Gordon's name. These debts were later purchased by and assigned to your client.

The one credit card account was purchased by your client from Citifinancial (Case # 2011 SC 2930). The second credit card account was purchased by your client from Capital One Bank (Case #2010 CC 5566).

When Capital One Bank and Citifinancial starting dunning Mr. Gordon for payments in 2010 he immediately contacted them and told them two things. One: these debts were not his as he had never applied for or used their respective credit cards. Two: his address was 320 NW 10th Ave Gainesville Fl.

Mr. Gordon had lived with Mamie Washington at 506 NW 3rd Ave until approximately April of 2008. Thereafter, he occasionally visited with her to pick up his mail. He had lived with her at that address for approximately 20 years.

Despite his advice to these original creditors that he did not owe the debts claimed, they, and then your client, persisted in their collection efforts. Mr. Gordon values both his credit and his privacy and repeatedly contacted your client and advised them that he did not owe these accounts and to stop bothering him.

Your co-counsel, Mr. Rosen, has been kind enough to provide me with copies of your client's files concerning the Capital One Bank card account. These documents clearly show that your client had been made aware of Mr. Gordon's then current residence at 320 NW 10th Ave.

Amazingly, when your client sued Mr. Gordon in 2010 they, first, sought to have him served at 6222 NE 39th Blvd Gainesville Fl. an address where Mr. Gordon has never resided and where his business partner, Sandra Yates, resides. Needless to say, communicating the existence of this law suit and bad debt to Mr.

EXHIBIT D. PAGE 1 OF 2

Gordon's business partner was both embarrassing to Mr. Gordon and a clear violation of the Fair Creditor Collections Practices Act.

Next, your client attempted service upon Mamie Washington at her 506 NW 3rd Ave. Despite knowing that Mr. Gordon did not live there your client improperly communicated the existence of this claimed debt to another person causing more embarrassment and harassment to Mr. Gordon. Your client then inaccurately advised the Court that service of process had been obtained upon Mr. Gordon then proceeded to obtain a Default Judgment against Mr. Gordon. Your client has been continuing its harassment of Mr. Gordon ever since by reporting this debt to the credit reporting services and by continuing to send dunning letters.

A review of your clients actions against Mr. Gordon in the Citifinancial account case is very enlightening and will, no doubt, prove either the reckless indifference of your client to Mr. Gordon's due process rights or the fraudulent intent of your client.

Despite several phone calls from Mr. Gordon to both Citifinancial and Midland Funding advising them of both his current residence address and that the debt was not his, Midland Funding chose to sue Mr. Gordon again. They used the same process server as they did in 2010-CC-5566 and had them attempt service at the same two wrong addresses upon his business partner and former girlfriend. They were so incompetent that they swore to the Court that they attempted service of process upon Sandra Yates at Mamie Washington's address and then fraudulently claimed that they obtained service of process by leaving the summons and complaint with Mamie Washington at Sandra Yates residence. Again, Mr. Gordon had provided your clients with his residence address AND THEY NEVER ATTEMPTED SERVICE OF PROCESS AT THAT ADDRESS!!

Fortunately, Mr. Gordon did find out about the 2011-SC-2930 suit and attended the pre-trial mediation. At that mediation he reaffirmed that he was not responsible for that debt and demanded proof. Of course, your client could produce no proof of this debt and dismissed that suit.

So, where does that leave us? The un-refuted affidavits of Mr. Gordon, Sandra Yates and Mamie Washington clearly establish that Mr. Gordon was not served at his "place of abode" in Case # 2010-CC-5566. Therefore, the Court never had jurisdiction over him and the Judgment entered is void. Your client should promptly stipulate to that fact. Once that is taken care of, should your client wish to proceed with this suit I will accept service of process on behalf of Mr. Gordon. Needless to say, he will vigorously defend that action. He will be seeking attorney fees under the terms of the contract and Florida Statutes § 57.105. I will demand that your client produce the original signed application/contract as well as proof of its compliance with Florida Statutes § 559.715. I will also have it produce evidence of its continuing harassment of Mr. Gordon for the purpose of trying to collect this alleged debt.

Once this litigation has been disposed of Mr. Gordon will sue your client for its continuous harassment and multiple violations of Florida Statutes § 559.72 over the past four years.

Very Truly Yours,

James H. McCarty, Jr., Esq.

CC: Joseph F. Rosen, Esq.

EXHIBIT D. PAGE 2 OF 2

**mcm** **Midland Credit Management, Inc.**

2365 Northside Drive, Suite 300, San Diego, CA 92108

11-11-2015

001 Dock Gordon
P23T862 6222 NE 39th Blvd
Gainesville, FL  32609-5706

ıllılıı"ıllıılııılıılıı"lıılıılııllıı"llıılıııllılllllll

| MCM Account Number | 8078 |
| Original Creditor | CITIFINANCIAL |
| Original Account Number | 3492 |
| CURRENT BALANCE | $6,155.07 |

You are **pre-approved** for a 40% discount!
Call now: (800) 321-3809

### Choose The Option That Works For You

RE: Citifinancial / Rooms To Go

Dear Dock,

Congratulations! You have been **pre-approved** for a discount program designed to save you money. Act now to maximize your savings and put this debt behind you by calling (800) 321-3809. Pay online today at www.midlandcreditonline.com.

**Option 1: 40% OFF**
Payment Due Date:  12-11-2015

You Pay Only
**$3,693.04**

**Option 2: 20% OFF**
First Payment Due Date:  12-11-2015

12 Monthly Payments of Only
**$410.33**

**Option 3:  Monthly Payments As Low As:**
Call today to discuss your options and get more details.

**$50 per month†**

If these options don't work for you, call one of our Account Managers to help you set up a payment plan that does.

Sincerely,

C. Weber, Division Manager

### Benefits of Paying!

➤ Save up to $2,462.02

➤ Offer Expiration date: 12-11-2015

➤ After receiving your final payment, we will consider the account paid.*

**CALL US TODAY!**
**(800) 321-3809**

*If you pay your full balance, we will report your account as **Paid in Full**. If you pay less than your full balance, we will report your account as **Paid in Full for less than the full balance.**

We are not obligated to renew this offer. We will report forgiveness of debt as required by IRS regulations. Reporting is not required every time a debt is canceled or settled, and might not be required in your case.

rs of Operation:
Thr. 5:00am – 9:00pm PST
5:00am – 4:30pm PST
5:00am – 4:30pm PST
5:00am – 9:00pm PST

 Call:
(800) 321-3809

 Click:
www.midlandcreditonline.com

 Mail:
Payment coupon below

We are not obligated to renew this offer. We will report forgiveness of debt as required by IRS regulations. Reporting is not required every time a debt is canceled or settled, and might not be required in your case.

| Hours of Operation: | | | | |
|---|---|---|---|---|
| 1 – Th 5:00am – 9:00pm PST |  | **Call:** (800) 321-3809 |  **Click:** www.midlandcreditonline.com |  **Mail:** Payment coupon below |
| ri 5:00am – 4:30pm PST | | | | |
| at 5:00am – 4:30pm PST | | | | |
| un 5:00am – 9:00pm PST | | | | |

**PLEASE SEE REVERSE SIDE FOR IMPORTANT DISCLOSURE INFORMATION**
*Please tear off and return lower portion with payment in the envelope provided.*

## PAYMENT COUPON

MCM Account No.: ████6078
Original A█████████492
Current Balance:    $6,155.07

**Payment Due Date: 12-11-2015**

Amount Enclosed: _____

**Payment Options:**
1) Mail in this coupon with your payment
2) Pay by phone (800) 321-3809

Make Check Payable to:
Midland Credit Management, Inc.

**mcm**

PO Box 60578
Los Angeles, CA 90060-0578

12 ████6078 5 0369304 121115 1 394927757

B426 DOE7

EXHIBIT E. PAGE 2 OF 3

Important Disclosure Information:

Please understand this is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

PLEASE SEE REVERSE SIDE FOR IMPORTANT DISCLOSURE INFORMATION

Calls to and/or from this company may be monitored or recorded.

The offer to resolve this account for the discount(s) offered in this letter remains open until 12-11-2015. For further information, please call one of our Account Managers at (800) 321-3809.

**MAIL PAYMENTS TO:** P.O. Box 60578, Los Angeles, CA 90060-0578
**MAIL CORRESPONDENCE BUT NO PAYMENTS TO:** MCM's business address at 2365 Northside Drive, Suite 300, San Diego, CA 92108

**We are required under state law to notify consumers of the following rights. This list does not contain a complete list of the rights consumers have under state and federal law:**

**IF YOU LIVE IN COLORADO, THIS APPLIES TO YOU:**
FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE
**WWW.COLORADOATTORNEYGENERAL.GOV/CA**

A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt.

Midland Credit Management has a Colorado office with the following address and telephone number: Building B, 80 Garden Center, Suite 3, Broomfield, CO 80020. Telephone number: (303) 920-4763.

**Only physical in-person payments may be accepted at this office location. All payments made via mail should be sent to the following address:** P.O. Box 60578, Los Angeles, CA 90060-0578

**IF YOU LIVE IN MASSACHUSETTS, THIS APPLIES TO YOU:**
NOTICE OF IMPORTANT RIGHTS: You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten (10) days unless you provide written confirmation of the request postmarked or delivered within seven (7) days of such request. You may terminate this request by writing to Midland Credit Management, Inc.

**IF YOU LIVE IN MINNESOTA, THIS APPLIES TO YOU:** This collection agency is licensed by the Minnesota Dept. of Commerce.

**IF YOU LIVE IN NEW YORK CITY, THIS APPLIES TO YOU:** New York City Department of Consumer Affairs License Number 1140603, 1207829, 1207820, 1227728, 2022587, 2023151, 2023152, 2027429, 2027430, 2027431

**IF YOU LIVE IN NORTH CAROLINA, THIS APPLIES TO YOU:** North Carolina Department of Insurance Permit #101659, #4182, #4250, and #3777, #111895, and #112039. Midland Credit Management, Inc. 2365 Northside Drive, Suite 300, San Diego, CA 92108

**IF YOU LIVE IN TENNESSEE, THIS APPLIES TO YOU:** This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance.

**IF YOU LIVE IN CALIFORNIA, THIS APPLIES TO YOU:**
The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or http://www.ftc.gov.

"Nonprofit credit counseling services may be available in the area."

As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit-reporting agency if you fail to fulfill the terms of your credit obligations.

**IF YOU LIVE IN UTAH, THIS APPLIES TO YOU:** As required by Utah law, you are hereby notified that a negative report on your credit record may be submitted to a credit reporting agency if you fail to meet the terms of your credit obligations.

**IF YOU LIVE IN WYOMING, THIS APPLIES TO YOU:** As required by law, you are hereby notified that a negative report on your credit record may be submitted to a credit reporting agency if you fail to meet the terms of your credit obligations.

EXHIBIT E. PAGE 3 OF 3

**mcm** Midland Credit
Management, Inc.

2365 Northside Drive, Suite 300, San Diego, CA 92108

**Call:** (800) 282-2644

**Offer Expiration Date:** 02-05-2016

Midland Credit Management, Inc. (MCM), is the debt collection
company, which will be collecting on, and servicing your account.

01-06-2016

001  Dock Gordon
P231808  6222 NE 39th Blvd
Gainesville, FL  32609-5706

Կֈիիլիդ|||լիդ|իկիկիֈլիԿֈԿֈֈֈֈֈֈֈֈֈֈֈ

Original Creditor............................CITIFINANCIAL
Current Account Owner............. MIDLAND FUNDING LLC
Original Account.........................■■■■■3492
Current MCM Account Number.■■■■■3492

| MCM Account |
| --- |
| ■■■■8078 |

| Current Balance |
| --- |
| $6,155.07 |

| Discount |
| --- |
| 40% OFF |

RE: Citifinancial / Rooms To GO

Dear Dock Gordon,

## CALL US TODAY! (800) 282-2644

### AVAILABLE PAYMENT OPTIONS

**Option 1**  **40% OFF**

**Option 2**  **20% OFF**
Over 12 Months

**Option 3**  **Monthly Payments As Low As: $50 per month**
Call today to discuss your options and get more details.

### Benefits of Paying Your Debt

– **Save $2,462.02 if you pay by 02-05-2016 –**

– Put this debt behind you –

– No more communication on this account –

– Peace of mind –

**After receiving your final payment, we will consider the account paid\*.**

Sincerely,
C. Weber, Division Manager

**Hours of Operation:**
M – Th:  5:00am – 9:00pm PST
Fri:  5:00am – 4:30pm PST
Sat:  5:00am – 4:30pm PST
Sun:  5:00am – 9:00pm PST

 **Call:**
(800) 282-2644

 **Pay Online at:**
www.midlandcreditonline.com

 **Mail:**
Payment Certificate

The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it. If
you do not pay the debt, we may continue to report it to the credit reporting agencies as unpaid.
\*If you pay your full balance, we will report your account as **Paid in Full.** If you pay less than your full balance,
we will report your account as **Paid in Full for less than the full balance.**

We are not obligated to renew this offer. We will report forgiveness of debt as required by IRS regulations.

We are not obligated to renew this offer. We will report forgiveness of debt as required by IRS regulations. Reporting is not required every time a debt is canceled or settled, and might not be required in your case.
**PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION.**

**PAYMENT CERTIFICATE**

☐ I would like to take advantage of this offer and pay 40%

MCM Account .................8538036078

Original Account Number..2009160113492

Due Date...........................02-05-2016

Amount Enclosed: $

Please make check payable to:
MIDLAND CREDIT MANAGEMENT INC.

Please return this portion along with your payment to:
PO BOX 60578
LOS ANGELES, CA 90060-0578

12  ▮▮▮▮6078 5 0369304 020516 2 399983053

B426 M001

Important Disclosure Information:

> Please understand this is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

---
### PLEASE SEE REVERSE SIDE FOR IMPORTANT DISCLOSURE INFORMATION
---

Calls to and/or from this company may be monitored or recorded.

The offer to resolve this account for the discount(s) offered in this letter remains open until 02-05-2016. For further information, please call one of our Account Managers at (800) 282-2644.

**MAIL PAYMENTS TO:** P.O. Box 60578, Los Angeles, CA 90060-0578
**MAIL CORRESPONDENCE BUT NO PAYMENTS TO:** MCM's business address at 2365 Northside Drive, Suite 300, San Diego, CA 92108

**We are required under state law to notify consumers of the following rights. This list does not contain a complete list of the rights consumers have under state and federal law:**

**IF YOU LIVE IN COLORADO, THIS APPLIES TO YOU:**
FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE
**WWW.COLORADOATTORNEYGENERAL.GOV/CA**

A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt.

Midland Credit Management has a Colorado office with the following address and telephone number: Building B, 80 Garden Center, Suite 3, Broomfield, CO 80020. Telephone number: (303) 920-4763.

**Only physical in-person payments may be accepted at this office location. All payments made via mail should be sent to the following address:** P.O. Box 60578, Los Angeles, CA 90060-0578

**IF YOU LIVE IN MASSACHUSETTS, THIS APPLIES TO YOU:**
NOTICE OF IMPORTANT RIGHTS: You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten (10) days unless you provide written confirmation of the request postmarked or delivered within seven (7) days of such request. You may terminate this request by writing to Midland Credit Management, Inc.

**IF YOU LIVE IN MINNESOTA, THIS APPLIES TO YOU:** This collection agency is licensed by the Minnesota Dept. of Commerce.

**IF YOU LIVE IN NEW YORK CITY, THIS APPLIES TO YOU:** New York City Department of Consumer Affairs License Number 1140603, 1207829, 1207820, 1227728, 2022587, 2023151, 2023152, 2027429, 2027430, 2027431

**IF YOU LIVE IN NORTH CAROLINA, THIS APPLIES TO YOU:** North Carolina Department of Insurance Permit #101659, #4182, #4250, and #3777, #111895, and #112039. Midland Credit Management, Inc. 2365 Northside Drive, Suite 300, San Diego, CA 92108

**IF YOU LIVE IN TENNESSEE, THIS APPLIES TO YOU:** This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance.

**IF YOU LIVE IN CALIFORNIA, THIS APPLIES TO YOU:**
The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or http://www.ftc.gov.

"Nonprofit credit counseling services may be available in the area."

As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit-reporting agency if you fail to fulfill the terms of your credit obligations.

**IF YOU LIVE IN UTAH, THIS APPLIES TO YOU:** As required by Utah law, you are hereby notified that a negative report on your credit record may be submitted to a credit reporting agency if you fail to meet the terms of your credit obligations.

**IF YOU LIVE IN WYOMING, THIS APPLIES TO YOU:** As required by law, you are hereby notified that a negative report on your credit record may be submitted to a credit reporting agency if you fail to meet the terms of your credit obligations.

EXHIBIT F. PAGE 3 OF 3